IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TOMMY HAMBERLIN, #42740                                            PETITIONER

VERSUS                              CIVIL ACTION NO. 5:08cv9-DCB-MTP

STATE OF MISSISSIPPI                                               RESPONDENT

**OPINION AND ORDER**

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Tommy Hamberlin, an inmate at the Central Mississippi Correctional Facility, Pearl, Mississippi, originally filed a "Petition for Writ of Mandamus/Prohibition Order" [1] and subsequently file a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 [4].

According to the petitions [1 & 4], Petitioner was convicted in 1997 of possession of a controlled substance with intent to distribute in the Circuit Court of Warren County, Mississippi. He was sentenced to the custody of the Mississippi Department of Corrections. The petitioner states in his petition for habeas relief [4] that he filed a motion for post-conviction relief in the Circuit Court of Warren County, cause number 07,0121-CI, which was initially denied, according to an attached copy of an order from the Circuit Court in his petition for mandamus [1], on July 9, 2007. He then filed an appeal to the Mississippi Supreme Court on July 30, 2007, but has not received a response. According to the Mississippi Supreme Court's website, http://www.mssc.state.ms.us/, petitioner's appeal of the denial by the Circuit Court of Warren County of his post-conviction

motion is pending as of March 3, 2008, with that court in cause number 2007-CP-01307-COA.

The ground asserted by the petitioner for habeas relief is that he is suffering from a very serious illness. The petitioner states that while he was incarcerated, but before he entered a plea, he was given the wrong medication. As a result, he had a stroke and is blind in one eye. Therefore, he should be released.

Initially, this court will address the petitioner's mandamus request. This court has original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. For a plaintiff to be successful in his request for a writ of mandamus he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." In Re Stone, 118 F.3d 1032, 1034 (5th Cir.1997).

The Mississippi Supreme Court is not an officer or employee of the United States or any agency thereof, but is a state agency. Therefore, this court does not have jurisdiction in the nature of mandamus, under 28 U.S.C. § 1361, to direct the Mississippi Supreme Court to comply with plaintiff's requests. Further, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. United States

Dist. Ct., 426 U.S. 394, 402 (1976). "Moreover, it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." Id at 403. Therefore, mandamus relief will not be granted.

As for the petitioner's habeas request, this court finds that it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir.1995), cert. denied, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must

present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.1999). It is clear that petitioner is in the process of exhausting his state remedies since the appeal of his post-conviction motion is pending with the Mississippi Supreme Court. As such, petitioner's application will be dismissed without prejudice for failure to exhaust his available state remedies.

A final judgment in accordance with this opinion and order will be issued this date.

SO ORDERED, this the  17th  day of March, 2008.

                                                       s/ David Bramlette
                                              UNITED STATES DISTRICT JUDGE